IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-MC-4-RJ

| | |
|---|---|
| JOHN DOE 1, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DISABILITY RIGHTS NORTH CAROLINA, | ) |
| | ) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER
## REGARDING MATERIAL PRODUCED BY DISABILITY RIGHTS NC

The matter is before the Court on request of Plaintiffs and Defendant, (collectively, "the Parties"), seeking the entry of a Protective Order which will control the production and dissemination of confidential documents, material, and information by Disability Rights North Carolina ("Disability Rights NC") pursuant to Plaintiffs' Motion to Compel Third Party Disability Rights NC to Produce Documents dated January 9, 2025, and the Court's April 21, 2025 Order on that Motion (ECF No. 20, the "April 21, 2025 Order").

Upon review of the Parties' Joint Motion for a Protective Order, the Court finds that documents produced by Disability Rights NC pursuant to the Court's April 21, 2025 Order will contain information deemed confidential under various provisions of federal law, including but not limited to, 45 C.F.R. § 1326.28 and 42 C.F.R. § 51.45.

In light of the confidential nature of the information to be produced by Disability Rights NC, a Protective Order is necessary to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation and the litigation pending in the

Middle District of North Carolina captioned *John Doe 1, et al. v. North Carolina Department of Public Safety, et al.*, Case No. 1:24-cv-17-LCB-JLW (the "Middle District Litigation").

THEREFORE, the court **ORDERS** as follows:

1. Scope of the Order. This Consent Protective Order applies to information produced by, or on behalf of, Disability Rights NC in response to the April 21, 2025 Order on Plaintiffs' Motion to Compel. This Consent Protective Order will not apply to documents produced by Disability Rights NC prior to the April 21, 2025 Order.

2. Use of Attorneys' Eyes Only Confidential Information. All Attorneys' Eyes Only Confidential Information, as defined in this Consent Protective Order, shall be used solely in the prosecution or defense of this action or of the Middle District Litigation, and shall not be used or disclosed by any person for any other purpose.

3. Disclosure. "Disclose" or "disclosure" means to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. "Attorneys' Eyes Only Confidential Information". Disability Rights NC may designate documents it produces pursuant to the Court's April 21, 2025 Order as "Attorneys' Eyes Only Confidential Information" if such documents contain confidential information defined in 45 C.F.R. § 1326.28 and 42 C.F.R. § 51.45:

    a. information pertaining to clients of Disability Rights NC (that is not otherwise shielded from disclosure by the attorney-client privilege or work-product doctrine);

    b. information pertaining to individuals who have been provided general information or technical assistance on a particular matter by Disability Rights NC;

    c. the identity of individuals who report incidents of abuse or neglect to Disability Rights NC, or who furnish information to Disability Rights NC that forms the basis

for a determination that probable cause exists;

    d. names of individuals who have received services, supports or other assistance or are residents, and who provided information to Disability Rights NC for the record; and

    e. Peer review records.

5. <u>Scope of Disclosure.</u> Attorneys' Eyes Only Confidential Information produced by Disability Rights NC shall not be disclosed to anyone except:

    a. The court and its personnel;

    b. Counsel for the parties to this action or to the Middle District Litigation and employees of said counsel;

    c. Experts or consultants specifically retained by the parties in this action or in the Middle District Litigation or their attorneys to assist them in the preparation of or to serve as expert witnesses at the trial of this action or the Middle District Litigation; and

    d. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action or in the Middle District Litigation.

6. <u>Disclosure to Defendants in Middle District Litigation.</u> Plaintiffs have an obligation to provide all documents produced by Disability Rights NC to the Defendants in the Middle District Litigation. Plaintiffs shall not provide documents containing Attorneys' Eyes Only Confidential Information to Defendants until counsel of record for Defendants sign the Confidentiality Agreement attached hereto as Exhibit A. Should new counsel of record appear on behalf of Defendants, the Plaintiffs shall notify new counsel of this Order by e-mail and endeavor to secure signed Confidentiality Agreements from new counsel of record.

7. <u>Confidentiality Agreements</u>. Before Attorneys' Eyes Only Confidential Information is disclosed to any person described in Paragraphs 5(c), 5(d), and 6 of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Attorneys' Eyes Only Confidential Information shall be used only for the purpose of the prosecution or defense of this action or of the Middle District Litigation, and shall obtain from the person to whom the disclosure is to be made a signed a copy of the Confidentiality Agreement attached hereto as Exhibit A. Counsel for the party disclosing the Attorneys' Eyes Only Confidential Information to said person shall maintain the original Confidentiality Agreement, provide a copy to Disability Rights NC at the conclusion of this action, including any appeals, and need not produce it except by agreement of the parties or upon order of the court.

8. <u>Designation of Attorneys' Eyes Only Confidential Information</u>. Information shall be designated as Attorneys' Eyes Only Confidential Information by placing the appropriate legend, "ATTORNEYS' EYES ONLY CONFIDENTIAL INFORMATION," on each page containing such information.

9. <u>Designation of Attorneys' Eyes Only Confidential Information During Deposition</u>. If Attorneys' Eyes Only Confidential Information is introduced as an exhibit during a deposition, any party may designate the transcript of that deposition as "Attorneys' Eyes Only Confidential Information" by identifying on the record at the deposition the information that is to be treated as Attorneys' Eyes Only Confidential Information; and marking the portions of the deposition transcript to be designated as "Attorneys' Eyes Only Confidential Information" within 21 days after receipt of the transcript. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as Attorneys' Eyes Only Confidential Information before the expiration of the 21-

day period. If any deposition testimony or any document or information used during the course of a deposition is designated as Attorneys' Eyes Only Confidential Information, each page of the deposition transcript containing such information shall be labeled with the "ATTORNEYS' EYES ONLY CONFIDENTIAL INFORMATION" legend and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

10. <u>Inadvertent Disclosure of Attorneys' Eyes Only Confidential Information</u>. Inadvertent disclosure of Attorneys' Eyes Only Confidential Information, without identifying the same as Attorneys' Eyes Only Confidential Information, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed. Disclosing counsel must take prompt steps to alert counsel for each receiving party of the confidentiality of the information and to obtain confidentiality agreements from each receiving party.

11. <u>Filing of Attorneys' Eyes Only Confidential Information Under Seal</u>. Documents and other things designated Attorneys' Eyes Only Confidential Information shall, when filed with the Court, be filed pursuant to Middle District of North Carolina Local Civil Rule 5.4. In filing such materials, the parties shall comply with the Default Procedures for Motions to Seal found in Middle District of North Carolina Local Rule 5.4(c). The parties agree to negotiate in good faith to avoid the need to file Attorneys' Eyes Only Confidential Information in this matter, including by employing stipulations and/or summary exhibits. To the extent any filing procedures in this document conflicts with the filing procedures found in Middle District Local Rule 5.4, the Local Rule shall control.

12. <u>Return of Attorneys' Eyes Only Confidential Information</u>. Within 60 days of the

conclusion of this action, including any appeals. Attorneys' Eyes Only Confidential Information shall be returned to Disability Rights NC or destroyed in any format in which it exists, including on paper, e-mail, PDF, or any other electronically stored format, provided that the information shall not be destroyed if otherwise ordered by the court. If a receiving party elects to destroy the Attorneys' Eyes Only Confidential Information rather than returning it to Disability Rights NC, the receiving party shall provide to Disability Rights NC by the 60-day deadline a signed certification that the Attorneys' Eyes Only Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Attorneys' Eyes Only Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the court shall be governed by Middle District Local Civil Rule 79.4. The ultimate disposition of Attorneys' Eyes Only Confidential Information or any other protected materials is subject to a final order of the Court on the completion of litigation.

13. <u>Admissibility of Information</u>. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to (1) preclude objections to the production of information defined as Attorneys' Eyes Only Confidential Information under this Order; or to (2) establish or vitiate the admissibility under the Federal Rules of Evidence any information subject to this Order.

14. <u>Modification</u>. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the court, or to seek and obtain

additional protection with respect to Attorneys' Eyes Only Confidential Information as such party may consider appropriate.

**SO ORDERED.**

This the 30 day of April, 2025.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

## EXHIBIT A - CONFIDENTIALITY AGREEMENT

I, _____ have read and am familiar with the terms of the Consent Protective Order Regarding Material Produced by Disability Rights NC in the case of *John Doe v. Disability Rights North Carolina*, Civil Case No. 5:25-MC-4-RJ (E.D.N.C. 2025). I agree to the following:

1. To abide by all the terms of said Order and not to reveal or otherwise communicate any of the Attorney's Eyes Only Confidential Information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order.

2. To not make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation.

3. To return to counsel of record or to destroy not later than 60 days after notification of the termination of this litigation any and all documents, including electronically stored documents, in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

4. To submit myself to the jurisdiction of the foregoing Court, including its contempt power, for enforcement of said Order.

This the ___ day of _____, 2025.

_____
Name: